LEE LITIGATION GROUP, PLLC
C.K. Lee
Brandon Sherr
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

JAFET OROPEZA,
*on behalf of himself,*
*FLSA Collective Plaintiffs*
*and the Class,*

        Plaintiff,

v.

HERALD SQUARE ENTERPRISES INC,
    d/b/a RAG TRADER,
MFRF ENTERPRISES INC,
    d/b/a STREET TACO,
GREENE STREET ENTERPRISES INC,
    d/b/a WHITE OAK TAVERN,
MURRAY HILLS ENTERPRISES INC,
    d/b/a CASK BAR & KITCHEN
and MARK FOX,

        Defendants.

Case No:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

---

Plaintiff, JAFET OROPEZA ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against HERALD SQUARE ENTERPRISES INC d/b/a RAG TRADER, MFRF ENTERPRISES INC d/b/a STREET TACO, GREENE STREET ENTERPRISES INC d/b/a WHITE OAK TAVERN, and MURRAY HILLS ENTERPRISES INC d/b/a CASK BAR &

1

KITCHEN (the "Corporate Defendants") and MARK FOX (the "Individual Defendant," and collectively with the Corporate Defendant, the "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, (2) unreimbursed uniform costs, (3) liquidated damages, and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to improper tip credit allowance, (2) unpaid overtime, (3) unreimbursed uniform costs, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, JAFET OROPEZA, for all relevant time periods, was a resident of Bronx County, New York.

6. Defendants collectively own and operate four restaurants at the following locations in New York:

    (a) "Rag Trader" - 70 West 36th Street, New York, NY 10018;

    (b) "Street Taco" - 358 3rd Avenue, New York, NY 10016;

(c) "White Oak Tavern" - 21 Waverly Place, New York, NY 10003; and

(d) "Cask Bar & Kitchen" - 167 East 33rd Street, New York, NY 10016 (together, the "Restaurants").

Defendants operate the Restaurants as a single integrated enterprise, under the control of their owner, Individual Defendant MARK FOX. Specifically, the Restaurants are engaged in related activities, share common ownership and have a common business purpose. Individual Defendant MARK FOX owns and operates each Corporate Defendant. Employees and supplies are interchangeable among the Restaurants, and are frequently transferred between the Restaurants by Defendants when needed.

7. Defendants operate the Restaurants through the following Corporate Defendants:

(a) HERALD SQUARE ENTERPRISES INC d/b/a RAG TRADER is a domestic limited liability company organized under the laws of the State of New York with an address for service of process located at 21 Waverly Place, New York, NY 10003 and a principal place of business located at 70 West 36th Street, New York, NY 10018. Defendants operate RAG TRADER through Corporate Defendant HERALD SQAURE ENTERPRISES INC.

(b) MFRF ENTERPRISES INC d/b/a STREET TACO is a domestic limited liability company organized under the laws of the State of New York with an address for service of process located at 21 Waverly Place, New York, NY 10003 and a principal place of business located at 358 3rd Avenue, New York, NY 10016. Defendants operate STREET TACO through Corporate Defendant MFRF ENTERPRISES INC.

(c) GREENE STREET ENTERPRISES INC d/b/a WHITE OAK TAVERN is a domestic limited liability company organized under the laws of the State of New York with an address for service of process and a principal place of business located at 21 Waverly Place, New York, NY 10003. Defendants operate WHITE OAK TAVERN through Corporate Defendant GREENE STREET ENTERPRISES INC.

(d) MURRAY HILLS ENTERPRISES INC d/b/a CASK BAR & KITCHEN is a domestic limited liability company organized under the laws of the State of New York with an address for service of process and a principal place of business located at 167 East 33rd Street, New York, NY 10016. Defendants operate CASK BAR & KITCHEN through Corporate Defendant MURRAY HILLS ENTERPRISES INC.

8. Individual Defendant MARK FOX is an owner and principal of each of the Corporate Defendants. Individual Defendant MARK FOX exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Individual Defendant MARK FOX frequently visits each of the Restaurants. Individual Defendant MARK FOX exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees of the Restaurants could complain to Individual Defendant MARK FOX directly regarding any of the terms of their employment, and Individual Defendant MARK FOX would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule,

compensation, or terminating or hiring such employees. Individual Defendant MARK FOX exercised functional control over the business and financial operations of all Corporate Defendants. Individual Defendant MARK FOX had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees

9. At all relevant times, the Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA and New York Labor Law and the Regulations thereunder.

10. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

11. All of Defendants' Restaurants are appropriately named in this Complaint through the relevant Corporate Defendants. Because the Restaurants share identical illegal wage and hour policies, they (and the relevant Corporate Defendants) are properly named on the basis of their outstanding liability to the Class members for whom Plaintiff seeks to represent.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

12. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt tipped employees, (including but not limited to bussers, runners, servers, bartenders and barbacks) employed by Defendants at the Restaurants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices,

procedures, protocols, routines, and rules, all culminating in a willful failure and refusal (i) to pay them the proper overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek and (ii) to reimburse them for uniform costs.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

15. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt tipped employees, (including but not limited to bussers, runners, servers, bartenders and barbacks) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

18. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to Defendants' corporate practices of (i) failing to pay proper wages due to an improper tip credit allowance, (ii) failing to pay the overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek, (iii) failing to reimburse them for the uniform costs, (iv) failing to provide Class members with proper wage statements with every payment of wages, and (v) failing to properly provide wage notices to Class members, at date of hiring and annually thereafter, per requirements of the NYLL. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19. With regard to Plaintiff JAFET OROPEZA and Class members, Defendants failed to pay them proper wages because Defendants were not entitled to claim any tip credit as Defendants failed to meet the statutory requirements under the New York Labor Law. Plaintiff JAFET OROPEZA and Class Members suffered from Defendants' failure to pay proper wages due to Defendants' invalid tip credit allowance because Defendants (i) failed to properly provide tip credit notice at hiring and annually thereafter, (ii) claimed a tip credit in excess of the statutory amount permissible for overtime hours, (iii) claimed a tip credit for all hours worked

despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek, (iv) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period, and (v) failed to accurately keep track of daily tips earned and maintain records thereof.

20. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously represented plaintiffs in wage and hour cases.

21. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing

incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

23. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law;

    b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

    c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

    d) Whether Defendants properly notified Plaintiffs and the Class members of their hourly rates and overtime rates;

e) Whether Defendants provided Plaintiff and Class members proper notice that Defendants claimed a tip credit;

f) Whether Defendants provided proper wage statements informing Plaintiff and the Class members of the amount of tip credit taken for each payment period and other information required to be provided on wage statements;

g) Whether Defendants required Class members to perform non-tipped work for more than two (2) hours, or twenty percent (20%) of each shift;

h) Whether Defendants took the proper amount of tip credit allowance for each payment period under the New York Labor Law;

i) Whether Defendants paid Plaintiff and Class members the state minimum wage for all hours worked;

j) Whether Defendants properly compensated Plaintiff and Class members overtime premiums for all hours worked in excess of forty (40) under state and federal law; and

k) Whether Defendants failed to reimburse or illegally deducted the wages of Plaintiff and Class members for uniform expenses;

l) Whether Defendants provided to Plaintiff and Class members annual wage notices, as required under the New York Labor Law; and

m) Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by New York Labor Law.

## STATEMENT OF FACTS

24. In or around December 2017, Plaintiff JAFET OROPEZA was hired by Defendants as a busser at "Rag Trader", located at 70 West 36th Street, New York, NY 10018.

In or around July 2018, Plaintiff JAFET OROPEZA started working for Defendants in dual positions as a porter and as a busser at "Rag Trader." In or around January 2019, Plaintiff JAFET OROPEZA was terminated.

25. From in or around December 2017 to in or around July 2018, Plaintiff was scheduled to work from 7:00 a.m. to 4:00 p.m. on Mondays, Thursdays, Saturdays, and Sundays, and from 4:00 p.m. to 11:00 p.m. on Tuesdays. During the relevant period, Plaintiff worked forty three (43) hours per week.

26. From in or around July 2018 to October 2018, Plaintiff was scheduled to work from 7:00 a.m. to 4:00 p.m. on Mondays, Tuesdays, Thursdays, Saturdays, and Sundays. During the relevant period, he worked forty five (45) hours per week.

27. From in or around July 2018 to October 2018, Plaintiff JAFET OROPEZA worked for Defendants as a porter from 7:00 a.m. to 11:00 a.m. and as a busser from 11:00 a.m. to 4:00 p.m. In any given week during this period, Plaintiff worked twenty (20) hours per week as a porter and twenty five (25) hours per week as a busser.

28. From in or around November 2018 through the end of Plaintiff's employment, Plaintiff was scheduled to work from 8:00 a.m. to 4:00 p.m. for five (5) days per week. During the relevant period, Plaintiff worked forty (40) hours per week.

29. In 2017, Plaintiff was compensated at an hourly rate of $7.50 per hour and at an overtime rate of $11.25. In 2018, Plaintiff was compensated at an hourly rate of $8.65 per hour and at an overtime rate of $12.98 for his hours worked as a busser. In 2018, Plaintiff was compensated at an hourly rate of $16.00 per hour and at an overtime rate of $24.00 for his hours worked as a porter. In 2019, Plaintiff was compensated at an hourly rate of $10.00 per hour for his hours worked as a busser and at an hourly rate of $16.00 per hour for his hours worked as a

11

porter. At all times, Defendants compensated Plaintiff at an incorrect tip credit overtime rate instead of the proper blended overtime rate of his busser and porter wages. Other tipped employees were similarly paid at an improper tip credit overtime rate.

30. Plaintiff, FLSA Collective Plaintiffs, and Class members regularly worked hours in excess of forty (40), but Defendants unlawfully failed to pay Plaintiff, FLSA Collective Plaintiffs, and Class Members either the proper FLSA overtime rate or the proper New York State overtime rate (of time and one-half) for hours worked in excess of forty (40).

31. Plaintiff JAFET OROPEZA, FLSA Collective Plaintiffs and Class members were paid below the proper minimum wage and proper overtime rate due to an invalid tip credit. With respect to Plaintiff JAFET OROPEZA, FLSA Collective Plaintiffs, and Class members, Defendants were not entitled to claim any tip credit allowance under the FLSA or NYLL because Defendants (i) failed to properly provide tip credit notice in violation of the FLSA; (ii) failed to inform them that the tip credit claimed by Defendants cannot exceed the amount of tips actually received by them in violation of the FLSA; (iii) failed to inform that all tips received by them are to be retained by them except pursuant to a valid tip pooling arrangement in violation of the FLSA; (iv) failed to inform that tip credit will not apply unless they have been informed of the foregoing tip credit notice requirement in violation of the FLSA; (v) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek in violation of the FLSA and NYLL; (vi) failed to accurately track daily tips earned or maintain records thereof; (vii) failed to properly provide tip credit notice at hiring and annually thereafter in violation of the NYLL; and (viii) failed to provide a proper wage statement with every payment of wages informing Plaintiff and other tipped employees of the amount of tip credit deducted for each payment period, in

violation of the NYLL. Furthermore, Defendants were not permitted to claim a tip credit because they claimed a tip credit in excess of the statutory amount permissible for overtime hours.

32. Plaintiff JAFET OROPEZA and the Class were required to engage more than 20% of their working time in non-tipped related activities, including polishing silverware, cleaning the bar, cleaning the fridges, organizing and cleaning the basement, moving supplies to the basement, and transferring ingredients and supplies between the restaurants. Even though Defendants required tipped employees to engage in non-tipped activities for hours exceeding 20% of the total hours worked each workweek, Defendants improperly claimed tip credit for all hours worked by tipped employees. Plaintiff was required to perform these duties when he was working as a busser.

33. Defendants knowingly and willfully operated their business with a policy of not paying the New York State minimum wage, and the proper overtime premium thereof, to Plaintiff and the Class members due to an invalid tip credit allowance.

34. Defendants unlawfully failed to pay Plaintiff, FLSA Collective Plaintiffs, and members of the Class either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) for hours they worked in excess of forty (40) each workweek.

35. Plaintiff, FLSA Collective Plaintiffs and Class members were required to purchase polo shirts with the company logo on them from Defendants as their uniform, and they were deducted $20 for each polo shirt. If Plaintiff, FLSA Collective Plaintiffs or Class members failed to wear Defendant's polo, they were written up and reprimanded. Defendant unlawfully failed to reimburse Plaintiff, FLSA Collective Plaintiffs and Class members for their uniform costs.

36. At all relevant times, Defendant knowingly and willfully operated their business with a policy and practice that deducted and failed to reimburse or compensate Plaintiff, FLSA Collective Plaintiffs and Class members for uniform costs.

37. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.

38. Defendants failed to provide proper wage notices to employees, at the beginning of employment and annually thereafter, pursuant to the requirements of the New York Labor Law.

39. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

40. Plaintiff realleges and reavers Paragraphs 1 through 39 of this Class and Collective Action Complaint as if fully set forth herein.

41. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

42. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

43. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

44. At all relevant times, the Defendants engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for hours worked in excess of forty (40) hours per workweek.

45. At all relevant times, Defendant failed to pay, compensate, or reimburse Plaintiff and FLSA Collective Plaintiffs for the cost of uniforms.

46. Plaintiff is in possession of certain records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

47. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

48. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

49. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid overtime wages, unreimbursed uniform costs, and an equal amount as liquidated damages.

50. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

51. Plaintiff realleges and reavers Paragraphs 1 through 50 of this Class and Collective Action Complaint as if fully set forth herein.

52. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

53. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them proper wages in the lawful amount for hours worked. As factually described above, Defendants were not entitled to claim any tip credits under NYLL with respect to Plaintiff and the Class.

54. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours each workweek.

55. Defendants failed to properly notify employees of their overtime pay rate, in direct violation of the New York Labor Law.

56. Defendants knowingly and willingly violated Plaintiff's and Class members' rights by failing to pay, compensate, or reimburse Plaintiff and Class members for the cost of uniforms.

57. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required by New York Labor Law § 195(3).

58. Defendants knowingly and willfully operated their business with a policy of not

providing all non-exempt tipped employees, proper wage notice, at date of hiring and annually thereafter, as required under the New York Labor Law.

59. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid wages, unreimbursed uniform costs, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

   a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

   b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

   c. An award of unpaid wages due under the FLSA and the New York Labor Law;

   d. An award of damages representing Defendants' failure to reimburse uniform costs under the FLSA and NYLL;

   e. An award of statutory penalties as a result of Defendants failure to comply with New York Labor Law wage notice and wage statement requirements;

   f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage, pursuant to 29 U.S.C. § 216;

    g.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages pursuant to the New York Labor Law;

    h.  An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

    i.  Designation of Plaintiff as Representatives of the FLSA Collective Plaintiffs;

    j.  Designation of this action as a Class Action pursuant to F.R.C.P. 23;

    k.  Designation of Plaintiff as Representatives of Class; and

    l.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: June 24, 2019

                                        Respectfully submitted,

                                        LEE LITIGATION GROUP, PLLC
                                        C.K. Lee
                                        Brandon Sherr
                                        148 West 24th Street, 8th Floor
                                        New York, NY 10011
                                        Tel.: 212-465-1188
                                        Fax: 212-465-1181
                                        *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

                          By: */s/ C.K. Lee*
                                C.K. Lee